UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK C. BICK, individually and as Trustee of the FRANK C. BICK REVOCABLE TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   No. 4:11-CV-1844 (CEJ) ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION as RECEIVER for IRWIN UNION BANK, F.S.B., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1), filed by defendant the Federal Deposit Insurance Corporation. The plaintiff has not filed a response, and the time allowed for doing so has expired.

In the complaint, plaintiff alleges that in September 2006, defendant Irwin Union Bank (IUB) negligently caused money to be distributed from plaintiff's account. On September 18, 2009, IUB was closed and the FDIC was appointed as receiver. Plaintiff filed suit against the bank in the Circuit Court of St. Louis County, Missouri, on February 18, 2011. On October 21, 2011, the action was removed to this Court. Defendant now moves to dismiss the action for lack of subject matter jurisdiction.

In 1989, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act by which "Congress established a comprehensive claims review process for claims against the assets of failed banks held by the FDIC as receiver." Tri-State Hotels, Inc. v. Federal Deposit Insurance Corporation, 79 F.3d 707, 712 (8th Cir. 1996). Claimants must initially submit their claims to the FDIC for review, and must

exhaust the administrative review process before a court has jurisdiction to hear the claims. Id. at 711-12. "Except as otherwise provided in this subsection, no court shall have jurisdiction over any claim or action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver. . . ." 12 U.S.C. § 1821(d)(13)(D). "The only exception is found in § 1821(d)(6)(A), which provides that courts have jurisdiction over claims that have first been presented to the FDIC under its administrative review process." Id. at 712. The Tri-State Hotels court concluded that read together, the two provisions "mandate that administrative exhaustion is required before any court acquires subject matter jurisdiction over a claim against the FDIC as receiver for a failed thrift." Id. (citing Bueford v. Resolution Trust Corp., 991 F.2d 481, 484 (8th Cir. 1993)).

Because plaintiff does not allege in the complaint that he filed a claim with the FDIC, nor has plaintiff presented any evidence of having done so. Plaintiff has not exhausted his administrative remedies, and the Court therefore lacks subject matter jurisdiction of this action.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) [Doc. #6] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2012.